TAGGED OPINION

ORDERED in the Southern District of Florida on Nov. 12, 2009

Laurel Myerson Isicoff, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                              Case No. 07-20101-BKC-LMI

JORGE A. PULIDO and                                 Chapter 7
ILIANA HERNANDEZ,

    Debtors.
_____/

JOSE A. HERNANDEZ,                                  Adv. Case No. 08-01145-BKC-LMI

    Plaintiff,
vs.

JORGE A. PULIDO,

    Defendant.
_____/

## ORDER DENYING RENEWED MOTION FOR ATTORNEYS FEES AND COSTS

This matter came before the Court on August 10, 2009 on the Defendant's Renewed Motion for Attorneys' Fees and Costs pursuant to 11 U.S.C. §523(d) or, in the Alternative Motion for Sanctions pursuant to Fed. R. Bankr. 9011(c) (DE #57). The Court has considered the Motion, the arguments of counsel and Plaintiff, and the case law submitted by Defendant in

support of relief sought (DE #60), as well as all other information the Court deemed relevant. For the following reasons the motion is denied.

1. On February 19, 2008 Plaintiff initiated this adversary proceeding by filing a Complaint (DE #1) seeking a determination that the Defendant-Debtor's obligation to the Plaintiff was non-dischargeable, based on 11 U.S.C. §§523(a)(2), (a)(4) and (a)(6).

2. The Complaint was dismissed without prejudice (DE #17) and the Plaintiff filed an Amended Complaint (DE #23) seeking a determination that Defendant's obligation to Plaintiff were non-dischargeable pursuant to 11 U.S.C. §§523(a)(2) and (a)(6).

3. On July 15, 2008 the Court dismissed the Amended Complaint with prejudice (DE #32), which dismissal was appealed by the Plaintiff to the District Court on July 18, 2008. The District Court affirmed the dismissal of the section 523(a)(2) count and reversed the dismissal of the section 523(a)(6) count. The District Court Order was entered on May 21, 2009.

4. At or near the time this adversary proceeding was filed, Plaintiff also filed an adversary proceeding in the case of a debtor named Yocis Nunez, seeking a determination that Ms. Nunez's debt to the Plaintiff was not dischargeable by virtue of 11 U.S.C. §523(a)(2) and 11 U.S.C. §727(a)(2).[1] The facts of this adversary case and the Nunez case were virtually identical, having their genesis in the same transaction and pre-bankruptcy state court litigation. On October 2, 2008, after trial, this Court entered judgment against Plaintiff in the Nunez adversary.

5. Defendant seeks attorney fees and costs of $11,516.25 associated with this case and the appeal. Defendant bases his claim on 11 U.S.C. §523(d) and on Fed. R. Bankr. P. 9011.

6. 11 U.S.C. §523(d) provides

> (d) If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the

---

[1] *Jose Hernandez v. Yocis Nunez*, Adv. Case No. 07-1876-BKC-LMI.

debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

7.    Defendant argues that the debt that is the subject of this adversary proceeding is a consumer debt "because it was incurred personally by the Defendant, in his individual capacity and by way of default, and not as principal of a corporate entity, nor as a guarantor of a debt for an entity in which he has an ownership interest." The Defendant's interpretation of what is a consumer debt is misplaced.

8.    A consumer debt is defined in the Bankruptcy Code as a "debt incurred by an individual primarily for a personal, family or household purpose." 11 U.S.C. §101(8). In the instant case, Defendant's debt to Plaintiff arises from a default judgment entered by a state court based on that court's finding that the Defendant was liable with Ms. Nunez and a corporate entity arising from a failed business transaction.[2] While the Defendant sought to disavow the facts underlying the state court judgment, at the Nunez trial the Defendant testified his relationship with Ms. Nunez was based on his lending Ms. Nunez money to pay for equipment for her clinic so he could make some interest income. Clearly neither the facts underlying the state court judgment, or the facts presented to this Court support the Defendant's argument that the Defendant's obligation to Plaintiff is a consumer debt. The fact that the Defendant is liable as an individual and not derivate of a corporate debt is completely irrelevant. *See, e.g. In re Burns*, 894 F.2d 361 (10th Cir. 1990)(Money borrowed so the debtor could invest in the stock market was not a consumer debt.); *Matter of Booth*, 858 F.2d 1051, 1055 (5th Cir. 1988)("[T]he test for determining whether a debt should be classified as a business debt, rather than a debt acquired

---

[2] For a detailed description of the underlying state court dispute see *Hernandez v. Nunez (In re Nunez)*, 400 B.R. 869 (Bankr. S.D. Fla. 2008).

for personal, family or household purposes, is whether it was incurred with an eye toward profit."); *In re Shaffer*, 315 B.R. 90 (Bankr. W.D. Mo. 2004)(loan to an individual debtor to buy a pickup truck used for farming operation was not a consumer debt because it was not incurred primarily for a personal, family or household purpose ...).

9. Accordingly, even were the Court to find that Plaintiff's position was not substantially justified,[3] Defendant is nonetheless not entitled to fees because this adversary proceeding does not involve a consumer debt.

10. The Defendant also seeks attorney fees under Fed.R.Bankr.P. 9011 against Plaintiff and Plaintiff's counsel. Rule 9011 authorizes the Court to sanction parties or their counsel under certain circumstances, which sanctions, Defendant argues, are appropriate in this case due to the Plaintiff's pursuit of the appeal in this adversary proceeding notwithstanding the adverse ruling in the Nunez adversary.

11. Rule 9011(c) outlines conditions precedent to seeking sanctions under Rule 9011. First, the Defendant was required to file a separate motion for sanctions under Rule 9011; the Defendant did not. Second, the motion must be served as provided in Fed. R. Bankr. P. 7004. While it appears the Plaintiff was properly served as an individual by First Class Mail, the Defendant did not serve Plaintiff's former counsel[4] at all, let alone in accordance with Rule 7004. Third, the motion "may not be filed with or presented to the Court unless, within 21 days after service of the motion (or such other period as the Court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected ...." Defendant has not alleged that he undertook any such "shot across the bow" before filing the motion for sanctions.

---

[3] Based on Plaintiff's pursuit of the appeal after the ruling in the Nunez adversary, it is probable the Court would make such a finding.
[4] The Court allowed Plaintiff's counsel to withdraw.

12. The Defendant having failed to meet the requirements of Rule 9011, the Defendant is not entitled to sanctions thereunder.

Based on the foregoing, the Defendant's Motion is DENIED.

# # #

####

Copies furnished to:
Emmanuel Perez, Esq.
Jose A. Hernandez, Esq.

*Attorney Perez shall serve a conformed copy of this order upon all parties in interest and shall file a Certificate of Service of same with the Clerk of the Court.*